## JOHN BUSH *v.* T. F. GUION.

Where in a suit for the settlement of a partnership, the accounts have been referred to auditors, who agreed in part, but disagreed as to some items, and the report, so far as they agreed, was assented to by the parties, and the case, as to the matters in which they disagreed, was tried by the court, after hearing evidence, without objection having been made, the parties will be considered as having acquiesced in the irregularity; and one of them cannot be allowed to urge the objection, that the matters in which the auditors disagreed, should have been referred to an umpire, instead of having been tried by the court.

It is a violation of the fundamental principles of partnership, to permit one partner to make a profit, at the expense of the firm, by charging more for purchases made by him for the firm, than the goods actually cost.

Where in the settlement of a partnership, the partner who had made the purchases for the firm, being called upon to produce the original invoices, produced a large number, but not all; and those that were produced showed overcharges by him, the court was authorized to presume, that the others, if produced, would have shown similar overcharges, and to give judgment accordingly.

BUSH
*v.*
GUION.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Benjamin* and *Micou*, for plaintiff. *L. Peirce*, for defendant. The judgment of the court (*Eustis*, C. J., absent,) was pronounced by

SLIDELL, J. The plaintiff, the defendant and *Guiness*, were partners as merchants. The partnership was formed in 1844, and by the articles, was to continue until November, 1847. New Orleans was to be the domicil of the firm. *Guion*, who resided in New York, was exclusively charged with purchasing and ordering goods for the firm. He was to receive a thousand dollars per annum from the firm, and the profits were to be equally divided between the partners. In June, 1849, the defendant purchased the interest of *Guiness*, and, from that time, appears to have assumed the exclusive control of the partnership property. A witness states, that, on that day, he took possession of the stock, books, &c., belonging to the firm, changed the sign from *Guion & Co.* to *Guion* alone, and advertised a dissolution of the firm. *Bush* does not appear to have been present, or to have assented to these proceedings. He has brought this suit for a settlement of the partnership accounts.

The accounts were, by order of the court below, referred to auditors, each party naming one, a person being also appointed to act, in case of disagreement, as umpire. They agreed upon the general state of accounts, but differed upon certain items. Their report seems to have been assented to by the parties so far as the auditors agreed. No application was made to have the matter referred to the umpire. The case was then set for trial generally, and after hearing evidence, for the production of which abundant time was allowed, was submitted. This course was not in conformity to the provisions of the Code of Practice respecting the reports of auditors; but, as the irregularity was acquiesced in by the parties, the defendant cannot now complain of it.

In certain invoices of shipments, made by *Guion* to the firm, it is shown there were overcharges made by him to the amount of $2715 04, being at a rate from seven to eight per cent. It is clear, that the firm had a right to be relieved from these overcharges. *Guion* should have put the goods, bought for his house, at their actual cost. It would be a gross violation of fundamental principles of partnership, to permit a partner to make a profit at the expense of his firm. Nor can the overcharge be justified upon the mere suggestion, that it was to cover the expenses of packing, cartage, and other expenses of shipping. There is no evidence what those expenses were, and moreover, it is the duty of a commercial partner to keep accounts of his transactions for the firm. None such have been exhibited in support of the suggestion.

There were also other invoices, the original bills for which were not produced before the auditors; and one of them based his report, on the assumption, that there was a proportional overcharge in them. The district judge thought the inference a just one, and we see no reason to disturb his conclusion. The ascertained overcharges in a very large number of the invoices, and the failure to produce the original bills of the invoices in question, brought the case fairly within the spirit of the maxim, *omnia præsumuntur contra spoliatorem*.

The defendant complains, that the court erred in charging to *Guion*, the uncollected debts due to the house, on the 18th June, 1847; at which time, as we have already stated, *Guion* took possession of the stock, books, &c.

As these debts have been since that time in his charge, and he has furnished no proof of the insolvency of the debtors, or unsuccessful diligence in attempting to collect them, the court did not err in treating them as cash in his hands.

Judgment affirmed, with costs.